# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
\* \* \*

MICHAEL JOSEPH PITKIN,

    Plaintiff,

v.

CHARLES G. KRASNER, *et al.*,

    Defendants.

Case No. 3:20-cv-00340-MMD-WGC

ORDER

*Pro se* Plaintiff Michael Joseph Pitkin brings this action under 42 U.S.C. § 1983. Before the Court is the Report and Recommendation ("R&R" or "Recommendation") of United States Magistrate Judge William G. Cobb (ECF No. 6), recommending that the Court grant Plaintiff's application to proceed *in forma pauperis* ("IFP Application"), but dismiss Plaintiff's Complaint (ECF No. 1-1) in its entirety for failure to state a claim—with leave to amend. Plaintiff had until September 8, 2020 to file an objection. To date, no objection to the R&R has been filed. For this reason, and as explained below, the Court adopts the R&R, will grant Plaintiff's IFP application, and dismiss Plaintiff's Complaint with leave to amend.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party fails to object to a magistrate judge's recommendation, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original); Fed. R. Civ. P. 72, Advisory

Committee Notes (1983) (providing that the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

Because there is no objection, the Court need not conduct de novo review, and is satisfied Judge Cobb did not clearly err. Here, Judge Cobb recommends granting Plaintiff's IFP Application because Plaintiff sufficiently demonstrated he cannot pay the filing fee. (ECF No. 6 at 2.) Judge Cobb further recommends dismissing Plaintiff's Complaint with leave to amend because the Ryan White Comprehensive AIDS Resources Emergency Act does not appear to provide a private right of action, and Plaintiff does not specifically or sufficiently allege discrimination. (*Id.* at 4.) The Court agrees with Judge Cobb. Having reviewed the R&R and the record in this case, the Court will adopt the R&R in full.

It is therefore ordered that Judge Cobb's Report and Recommendation (ECF No. 6) is accepted and adopted in full.

It is further ordered that Plaintiff's IFP Application (ECF No. 1) is granted. Plaintiff is permitted to maintain this action without prepaying the filing fee or giving security therefor. However, this order granting IFP status does not extend to the issuance of subpoenas at government expense.

The Clerk of Court is directed to file the Complaint (ECF No. 1-1).

It is further ordered that Plaintiff's Complaint (ECF No. 1-1) is dismissed in its entirety for failure to state a claim upon which relief may be granted, but with leave to amend.

It is further ordered Plaintiff must file any amended complaint correcting the deficiencies noted above (and in the R&R) within 30 days. The amended complaint must be complete in and of itself, without referring or incorporating by reference any previous complaint. Any allegations, parties, or requests for relief from a prior complaint that are not carried forwarded in the amended complaint will no longer be before the Court. Plaintiff must also clearly title the amended pleading "AMENDED COMPLAINT."

///

It is further ordered that, if Plaintiff fails to file an amended complaint within 30 days, the Court will dismiss this case with prejudice.

DATED THIS 21st Day of September 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE